## Keeton, et al. v. Booth.

(Decided April 12, 1916.)

## Appeal from Whitley Circuit Court.

Bills and Notes—Payment—Evidence.—Evidence examined on the issue as to whether two payments were made on a note and the verdict held to be flagrantly against the evidence.

H. C. GILLIS for appellants.

C. N. SMITH for appellee.

OPINION OF THE COURT BY JUDGE TURNER.—Reversing.

This is an action on a $500.00 note executed by appellant Keeton and his sureties to Elijah Smith, dated the 27th of February, 1908, and bearing interest from date, subject to two credits of $60.00 each, paid respectively in 1911 and 1912.

In 1914 Smith assigned the note to the appellee Booth, who was the plaintiff below.

The principal and the sureties filed an answer pleading two payments in addition to the ones admitted in the petition, to-wit:

February 14, 1912, $120.00, and January, 29, 1914, $120.00, each of which payments are alleged to have been made before the assignment of the note by Smith to Booth. The reply denied that either of these payments had been made, and that was the only issue.

The defendant Keeton testified that during the period covered by these two disputed payments he was the assistant cashier of the First National Bank of Williamsburg, and that for more than twenty years prior to 1909 he had been assistant cashier of the Bank of Williamsburg, another banking institution in that place. He produced the books of the First National Bank, which showed that on February 14, 1912, there had been transferred from his (Keeton's) account in that bank to the account of Smith, the then owner of the note, the sum of $120.00; that he notified Smith of this fact. The books of the bank further showed that on January 29, 1914, there was transferred from the account of Keeton's wife to the account of Smith the sum of $120.00, and the check for that amount bearing Mrs. Keeton's signature was produced in evidence and shows on its face that it was for a credit on the note.

The check for the payment of $120.00 on February 14, 1912, is shown to have been destroyed in a fire in 1914. Keeton's evidence further shows that the entries in the bank book were true and correct, and that the money represented by those entries was deducted from the accounts of himself and wife and added to the account of Smith, and that thereafter Smith had drawn the money out of the bank.

It was agreed on the trial that the cashier of the bank would testify that the bank books produced by Keeton were the books of the bank and that the entries therein were treated by the bank and its officers as correct and true, and that the money was paid out by the bank according to the said entries.

The only evidence introduced by the plaintiff bearing on these two payments was that of Smith, who testified that the only payments made to him on the said note were the two $60.00 payments credited thereon; that he never received any notice from the bank or Keeton that any deposits had been made to his account by Keeton or any one else; that when he finally closed his account at the bank he had about the amount therein which he thought he ought to have; that he held two notes against one A. R. Humble for $1,000.00 each, dated September 22, 1909, one of them due in six months and the other in nine months; that on February 11, 1912, Humble paid him $120.00 which is a credit on one of the said $1,000.00 notes, and that he within a few days thereafter deposited the same in bank, but did not remember in which bank he made the deposit as he had an account in each bank.

It will be observed that the $120.00 payment on the Humble note was made three days before the deposit of $120.00 by Keeton to the credit of Smith on February 14, 1912, and from this it is argued that the deposit was the payment by Humble and not the Keeton payment; but this argument loses sight entirely of the fact that the bank's books show that on the 14th of February, 1912, $120.00 was not only credited to the account of Smith but was charged against the account of Keeton.

As to the other credit of $120.00, dated January 29, 1914, charged against the account of Mrs. Keeton and credited to the account of Smith and represented by the check produced, there can be no question, for there is no payment shown to have been made to Smith on the

Humble notes or otherwise of that amount or any other amount within several months of that time.

The records of the bank are most convincing, if not conclusive, that these two payments of $120.00 each were charged to the accounts of Mr. and Mrs. Keeton and received by and drawn out by Smith while he was the owner of the note; and particularly is this true of the last payment.

Several witnesses were introduced to impeach the reputation for truth and veracity of the defendant Keeton, most of whom admitted personal aggrievances against him; but this evidence seems to be sufficiently refuted by the admitted fact that for a quarter of a century he has occupied positions of trust and confidence in the community.

However that may be, while the jury under the evidence might have been justified in disregarding the statements of Keeton, they were not authorized to return a verdict directly contrary to the record evidence introduced.

The verdict is flagrantly against the evidence on this issue, and the lower court should have granted the appellant a new trial.

The appeal is granted and the judgment is reversed with directions to grant appellants a new trial and for further proceedings consistent herewith.